IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AALIYAH DANIELLE WATSON,

    Plaintiff,

v.    Case No. 22-2438-JWB

KANSAS EMPLOYMENT SECURITY BOARD OF REVIEW,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court to be screened for merit under 28 U.S.C. § 1915(e)(2)(B). Because the court concludes that it lacks subject matter jurisdiction, Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

**I.    Background**

Plaintiff filed this action pro se on October 26, 2022, requesting review of an action taken by the Kansas Employment Security Board of Review. (Doc. 1.) On Plaintiff's civil cover sheet, she indicates: (1) that the U.S. Government is a defendant; (2) that she and the defendant are citizens of different states; (3) that the case arises under the Administrative Procedure Act; and (4) that the case arises under 28 U.S.C. § 2107. (Doc. 2.)

On October 28, 2022, Magistrate Judge Mitchell granted Plaintiff's motion for leave to proceed in forma pauperis ("IFP"). (Docs. 3, 4.) Because this court has granted Plaintiff's motion to proceed IFP, it may screen Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B).

**II.    Standard**

The court may dismiss the complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* The purpose of § 1915(e)(2) is to discourage waste of the court's resources on meritless lawsuits. *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012).

The court also must dismiss an action if at any point in time it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "[F]ederal courts are courts of limited subject-matter jurisdiction," and they "may only hear cases when empowered to do so by the Constitution and by act of Congress." *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015) (quotation omitted). "If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter sua sponte." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Because Plaintiff is proceeding pro se, the court must liberally construe her claims. *Clark v. Lynch*, 213 F. Supp. 3d 1347, 1349 (D. Kan. 2016). But it will not act as her advocate. *Id.* (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)).

**III.   Analysis**

A plaintiff may seek relief in federal court based on either diversity jurisdiction or federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1332; *see also Williams v. Knaus*, No. 16-1303-EFM-GEB, 2016 WL 7386460, *1 (D. Kan. Dec. 21, 2016). Federal question jurisdiction is proper if the claim arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction is proper where the plaintiff and defendant are citizens of different states and the amount in controversy is more than $75,000.00. *Id.* § 1332(a).

This case does not fit under either category.  A state agency cannot be sued in diversity. *PHH Mortgage Corp. v. Stuber*, No. 22-1075-JWB, 2022 WL 4597852, *2–*3 (D. Kan. Sept. 30, 2022). Plaintiff also requests only that an overpayment determination be removed and that her unemployment payments be corrected.  (Doc. 1 at 4–5.)  This remedy does not amount to more than $75,000 in controversy.

Similarly, federal question jurisdiction cannot be invoked here because this case arises under the Kansas Judicial Review Act and involves a state government defendant but not a federal government defendant.[1]   (Doc. 1 at 6.)   Plaintiff indicates that the claim arises under the Administrative Procedure Act, but the document she is appealing is an order from the Kansas Employment Security Review Board which must be appealed in state district court under the Kansas Judicial Review Act.  (*Id.*) (citing K.S.A. 44-709(i) & K.S.A. 77-601.)  Plaintiff also indicates that the case arises under 28 U.S.C. § 2107, but that statute governs appeals to the Federal Circuit Courts of Appeal from the Federal District Courts.  *See* 28 U.S.C. § 2107.

This case does not fall within the limited jurisdiction of this court and must be dismissed for lack of subject matter jurisdiction.

**IV.     Conclusion**

For the reasons stated herein, Plaintiff's complaint (Doc. 1) is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS SO ORDERED this 7th day of November, 2022.

        ___s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff notes that the court has jurisdiction because the U.S. government is a defendant but does not name the U.S. government or any federal agency as a party.